# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

COREY VESSEL

VERSUS

EAN HOLDINGS, LLC AND
LORENZA WINN

NO.  2026 CW 0338

**MAY 4, 2026**

---

In Re:    Lorenza Winn, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 700170.

---

**BEFORE:   MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT NOT CONSIDERED.**  Pursuant to March 26, 2026 correspondence filed with this court by counsel for plaintiff/respondent, this court was advised that plaintiff passed away on March 1, 2026.  Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue.  A judgment rendered for or against a deceased party is an absolute nullity. See e.g. **Kingston v. ABC Insurance Co.**, 2009-0163 (La. App. 1st Cir. 9/14/09), 2009 WL 3011214, *2 (unpublished).  Furthermore, La. Code Civ. P. art. 801 states, in pertinent part: "When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality."  Before this court can render an action herein, a proper substitution for plaintiff must be accomplished.

Supplementation of this writ application and/or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9.

In the event relator seeks to file a new application with this court, it must contain all pertinent documentation, including a copy of documents evidencing the proper substitution of plaintiff herein, and must comply with Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2.  Any new application must be filed on or before July 6, 2026, and must contain a copy of this ruling.

**SMM**
**BDE**
**WEF**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT